[No. 7,076.—Department Two.]

## H. F. CRANE ET AL. v. JOHN CARR ET AL.

CONSTRUCTION OF CONTRACT—FORECLOSURE—CONFLICT OF PATENT—MEXICAN CLAIM—RESERVED LAND—CONSTRUCTION OF STATUTE.—H., a State patentee, having recovered judgment against the defendant for the recovery of the land included in the patent, and for damages and costs, and having transferred the land and judgment to the plaintiff, the defendant executed to the plaintiff a note and mortgage to secure the money due on the judgment, and at the same time the plaintiff, in writing, agreed that he would not attempt the collection of the note and mortgage until certain proceedings then pending in the Land Department of the United States on the part of the defendant should have terminated in a failure on his part to acquire title to said land superior to the title of the plaintiff. The proceedings referred to terminated in the issue to the defendant of the patent involved in the cases of *Pratt* v. *Crane*, 58 Cal. 533, and there held to convey no title. *Held*, That the plaintiff was entitled to judgment.

APPEAL from a judgment for the plaintiffs in the Third District Court, County of Alameda. McKEE, J.

The note and mortgage sued upon were subject to the conditions and stipulations of a written agreement, executed by the defendant and his wife, of the same date, which is set out in the transcript. This agreement, after reciting the recovery of a judgment by a lessee of one Joel Harlan, and another judgment by Joel Harlan himself against the defendant for the recovery of certain land, and costs, and damages, and the transfer of the said lands and judgments to the plaintiffs, and the execution of the mortgage, and that certain proceedings were then pending in the Land Departments of the United

States whereby the said Carr hoped to be able to acquire a title to the said lands superior to the plaintiffs', proceeded as follows: "Now in consideration of the premises said second parties hereby agree to stay all proceedings on said execution and judgment, and not to attempt the enforcement of the same or the collection of said note and mortgage until such proceedings on the part of such first parties have terminated in a failure on their part in acquiring title to said land superior to the title of said second parties plaintiff as aforesaid. * * * And that in the event that said Carr should acquire a title to said south-west quarter of section twenty-four superior to the title of said second parties, then neither said judgment nor said note or mortgage shall be enforced at all."

A petition for rehearing in this case was filed after judgment, and denied.

*Moore, Laine & Lieb* and *Mich. Mullany,* for Appellants.

*H. F. Crane,* for Respondents.

The COURT:

The only question which arises upon the record on this appeal is whether certain proceedings which, at the date of the note and mortgage sued on, were pending in the Land Department of the United States, had resulted in vesting in the defendant a title to a certain quarter-section of land, described in the complaint, superior to the plaintiff's title thereto.

That the proceedings were terminated prior to the commencement of this action is not disputed. But the parties differ as to how they terminated. That they terminated in the issuance of a United States patent to the defendant for said land is conceded. But it is claimed by the plaintiff that at the time of the issuance of said patent the United States had no title to said land, by reason of the same having been previously listed and certified over by said United States to the State of California, from whom the plaintiff deraigns his title.

The findings of the Court below support that position, and it was held in *Huff* v. *Doyle,* 93 U. S. 558, that such listing and certification passed the title of the United States to the

State, and that case was followed by this Court in *Pratt* v.. *Crane*, 58 Cal. 533. It therefore follows that the judgment appealed from must be affirmed.

Judgment affirmed.